**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

CHAMBERS OF
**JEROME B. SIMANDLE**
DISTRICT JUDGE

**ORIGINAL FILED WITH CLERK**

**LETTER OPINION AND ORDER**

UNITED STATES COURTHOUSE
ONE JOHN F. GERRY PLAZA
P.O. BOX 888
CAMDEN, NJ 08101
(856) 757-5167

February 19, 2008

Mr. David Rockefeller
1011A Carl Miller Boulevard
Camden, NJ  08104

    Re:  <u>Rockefeller v. Byrd</u>
          Civil No. 07-2186 (JBS)

Dear Mr. Rockefeller:

    Your civil complaint in the above-captioned case has been docketed with the Clerk and assigned to me.  I have reviewed the complaint as required in connection with your application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Based upon the contents of your affidavit dated April 26, 2007, I find that you are unable to afford the filing fee in this case.  Therefore, I have today entered an Order which grants your application to proceed without prepayment of fees and directs the Clerk to file the complaint.  A copy of that Order is enclosed for your records.

    I have also reviewed your complaint, as required by 28 U.S.C. § 1915(e)(2) to determine whether your complaint fails to state a claim on which relief may be granted.  I must read the complaint liberally in light of the fact that you are proceeding pro se, without the assistance of an attorney.  Nonetheless, even a pro se plaintiff such as yourself must meet the minimum standards of pleading and of procedure in federal court.

    One of those standards is set forth in Rule 8(a), Federal Rules of Civil Procedure, which provides as follows:

> (a)  Claim for Relief.  A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

Mr. David Rockefeller
February 19, 2008
Page 2

>       (3) a demand for the relief sought,
>       which may include relief in the
>       alternative or different types of
>       relief.

Your complaint seems to state a mixture of grievances, alleging on the one hand that you are a tenant who believes he has been discriminated against on the basis of his race, and on the other hand to a litany of standard landlord/tenant disputes regarding such issues as maintenance, repairs, and lease provisions.

This federal court is a court of limited jurisdiction. We do not have jurisdiction over ordinary landlord/tenant disputes, which are matters of contract and sometimes of state statutory law, unless the plaintiff and defendant are from two different states and the amount in dispute exceeds $75,000. See 28 U.S.C. § 1332. Such jurisdiction, based on diversity of citizenship, is not present in this case, since you and the defendant, Arnold Byrd, are apparently both New Jersey citizens and since you are not claiming that the amount in dispute exceeds $75,000. Therefore, if your case is to proceed, this Court must dismiss all allegations based upon ordinary landlord/tenant law. You may choose to inquire whether the municipal court or Superior Court for your county has a special part for such landlord/tenant disputes and proceed accordingly. In dismissing this aspect of your claim, this Court is not deciding the merits of your landlord/tenant dispute, but is simply dismissing for lack of subject matter jurisdiction.

The portion of your complaint that alleges that you have been discriminated against in housing based upon your race may state a claim under the Fair Housing Act, codified at 42 U.S.C. § 3613. This provision invests the federal court with jurisdiction over a civil action for certain matters related to discrimination in housing based on race. Such a claim falls within the federal question jurisdiction of this Court, 28 U.S.C. § 1331. Your claim for racial discrimination in housing, therefore, will be permitted to go forward, provided that you file a suitable amended complaint.

You will be required to file an amended complaint, if you wish to proceed in this Court upon your Fair Housing Act claim, which amended complaint must be drafted to comply with Rule 8(a), which is quoted above. In other words, you must state, in plain language, exactly what you claim this defendant has done with an intent to discriminate against you on account of your race. Your amended complaint must also make a clear statement of what relief

Mr. David Rockefeller
February 19, 2008
Page 3


you are seeking, that is, whether you are seeking an injunction, or damages, or some other relief from this Court.

You will be required to submit your Amended Complaint to the Clerk of the Court, with a copy to me, within fifteen (15) days of the date of this letter.  If you need more time to prepare your Amended Complaint, then you must request an extension of time before the fifteen-day period expires.  Once I have received your Amended Complaint, I will review it again to determine that it complies with these rules.  If so, I will then authorize your Amended Complaint to be served through the United States Marshal.  At that time, you will be required to provide the Marshal with specific information regarding the defendant and his address where service of process can be achieved by filling out the Marshal's form USM-285 and returning it to the Marshal.  You will receive further instructions in the event that I permit the filing of your Amended Complaint.

In conclusion, pursuant to 28 U.S.C. § 1915(e)(2), this Court will dismiss your landlord/tenant claims pertaining to disputes about repairs, lease conditions, and the like, without prejudice to your raising such claims in a local court of competent jurisdiction.  Further, the Court will retain jurisdiction over your Fair Housing Act claim for racial discrimination in housing, provided that you submit a proper Amended Complaint within fifteen (15) days as described above.

IT IS SO ORDERED.


**s/ Jerome B. Simandle**
JEROME B. SIMANDLE
U.S. District Judge


Enc.

cc:  Honorable Ann M. Donio, U.S. Magistrate Judge
     Marnie Maccariella, Deputy Clerk